| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL VI | | |
|---|---|---|
| HÉCTOR MANUEL DÍAZ RODRÍGUEZ<br><br>Peticionario<br><br><br>EX PARTE | TA2025CE00712 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>CG2025CV02399<br><br>Sobre:<br>Eliminación del Registro de Ofensores Sexuales y Abuso contra Menores |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Comparece Héctor Manuel Díaz Rodríguez ("señor Díaz Rodríguez" o "Peticionario") mediante *Petición de Certiorari* y nos solicita que revoquemos la *Resolución* emitida el 9 de septiembre de 2025, notificada el 11 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud del referido dictamen, el TPI denegó la *Petición de Eliminación del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores* instada por el peticionario.

Por los fundamentos que proceden, se *deniega* la expedición del auto de *certiorari* solicitado.

## I.

El 11 de julio de 2025, el señor Díaz Rodríguez presentó una *Petición de Eliminación del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores*. Señaló que, el 21 de febrero de 2008, fue declarado culpable y sentenciado a cumplir un término de prisión de un (1) año y seis (6) meses, por el delito de tentativa de actos lascivos. Aseveró que, cumplida su sentencia, el 12 de enero de 2010, fue inscrito en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores ("Registro"). Puntualizó que, al momento de ingresar en el Registro, la Ley Núm. 266-2004, según enmendada, conocida

como la "Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores", 4 LPRA sec. 536 *et seq,* lo clasificaba como un Ofensor Sexual Tipo I, lo cual acarreaba un término de inscripción de diez (10) años. Manifestó que había cumplido el término de inscripción dispuesto por la Ley al momento de ser sentenciado. Por tanto, solicitó que se ordenara la eliminación de su nombre y datos del Registro.

El 21 de julio de 2025, notificada el día siguiente, el foro de instancia dictó una *Orden,* en virtud de la cual le concedió al Ministerio Público un término de quince (15) días para exponer su posición. En respuesta, el 5 de agosto de 2025, el Ministerio Público radicó una *Moción en Cumplimiento de Orden.* Sostuvo que, en el año 2011, la Ley Núm. 266-2004 fue enmendada por la Ley Núm. 243-2011, a los fines de establecer distintas clasificaciones de ofensores sexuales. Expuso que, cónsono a ello, el referido estatuto estableció diferentes términos de inscripción, siendo el término mínimo de quince (15) años y el máximo de por vida. Así, pues, precisó que, al enmendarse la Ley, el señor Díaz Rodríguez fue clasificado como un Ofensor Sexual Tipo III, con un término de registro de por vida, en atención al delito cometido. Arguyó que, a tenor con *Pueblo v. Ferrer Maldonado,* 201 DPR 974 (2019), procedía aplicar retroactivamente las disposiciones de la Ley Núm. 243-2011.

Aquilatados los planteamientos, el 9 de septiembre de 2025, notificada el 11 de septiembre de 2025, el TPI dictaminó una *Resolución Final* mediante la cual denegó la petición instada por el señor Díaz Rodríguez. Destacó que, en *Pueblo v. Ferrer Maldonado, supra,* nuestro Tribunal Supremo resolvió que todas las disposiciones contenidas en la Ley Núm. 243-2011 aplicaban de manera retroactiva. Diferenció que, en el pleito de epígrafe, contrario al caso de *Placer Román v. E.L.A. y otros,* 193 DPR 821 (2015) (Sentencia), el peticionario aún no había cumplido con el término de registro establecido en la ley vigente al momento de dictarse sentencia. Por todo lo cual, concluyó que, ante el hecho de que al momento de enmerdarse la Ley el señor Díaz Rodríguez no había cumplido el término de inscripción de diez (10) años, procedía la aplicación retroactiva de las enmiendas.

Insatisfecho, el 25 de septiembre de 2025, el señor Díaz Rodríguez radicó una *Moción de Reconsideración de Resolución*. En síntesis, arguyó que el Art. 15 de la Ley Núm. 243-2011 le concedió discreción a los tribunales para determinar si procede aplicar las enmiendas de manera retroactiva, de conformidad con las circunstancias particulares de cada caso. Arguyó que lo resuelto en *Pueblo v. Ferrer Maldonado, supra,* no tiene el alcance de derogar la discreción otorgada por el legislador. Examinada la solicitud de reconsideración, el TPI la denegó mediante *Orden* dictada el 29 de septiembre de 2025, notificada el 3 de octubre de 2025.

Inconforme aún, el 3 de noviembre de 2025, el señor Díaz Rodríguez acudió ante esta Curia mediante *Petición de Certiorari*. El peticionario realizó los siguientes señalamientos de errores:

**Abuso de su discreción el Tribunal de Primera Instancia al declarar No Ha Lugar la petición de eliminar el nombre del señor Héctor M. Diaz Rodriguez del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores aun cuando este cumplió con el término de (10) años establecido en la Ley 266-2004, vigente a la fecha de la sentencia y a la fecha de extinguir la pena impuesta en la sentencia.**

**Erró el Tribunal De Primera Instancia al aplicar las disposiciones de la Ley Número 243-2011 a este caso, en contravención a la prohibición constitucional a la aprobación de leyes ex post facto y al no aplicar el principio de favorabilidad del Art. 4 del Código Penal De Puerto Rico.**

**Erró el Tribunal de Primera Instancia al aplicar las disposiciones de la Ley Número 243-2011 a este caso, en contravención de lo dispuesto en el Art. 9 del Código Civil de Puerto Rico y perjudicar derechos adquiridos por el peticionario bajo la Ley Núm. 266- 2004.**

**Erró el Tribunal de Primera Instancia al no declarar la inconstitucionalidad de la Ley 243-2011, que crea el Registro de Personas Convictas por Delitos Sexuales ya que dicha legislación violenta los derechos constitucionales del peticionario garantizados en nuestra Constitución, específicamente la Sección 12 toda vez que continúa interfiriendo y suspendiendo los derechos civiles que le asisten a todo ciudadano libre a pesar de este haber terminado de cumplir la pena impuesta.**

**Erró el Tribunal de Primera Instancia al no declarar inconstitucional la Ley 243-2011 porque viola el debido proceso de ley del peticionario al no disponer un procedimiento justo a toda persona que se le pretenda despojar de su derecho a la vida, libertad o propiedad.**

El 4 de noviembre de 2025, notificada el día siguiente, este Tribunal emitió una *Resolución* mediante la cual le concedió a la parte recurrida hasta el 13 de noviembre de 2025, para presentar su alegato en oposición al recurso. No obstante, ante una solicitud del Ministerio Público, concedimos una prórroga hasta el 20 de noviembre de 2025. En cumplimiento, ese mismo día, el Ministerio Público presentó un *Escrito en Cumplimiento de Orden*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre*

*Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso contra Menores fue creado por la Ley Núm. 28-1997, 4 LPRA ant. 535 *et seq.* Su creación obedeció a las disposiciones de la ley federal, conocida como *"Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program"*, 42 USC secs. 14071 *et seq.*, la cual requirió a los estados, incluyendo a Puerto Rico, "adoptar legislación a fin de que personas convictas por delitos de naturaleza sexual y contra menores cumplan con la obligación de registrarse por un término de por lo menos diez años". *Véase*, Exposición de Motivos, Ley Núm. 28-1997, *supra.* Según se ha aclarado, el Registro "no tiene un propósito punitivo; es un medio para garantizar la seguridad, protección y bienestar general de los sectores más vulnerables y merecedores de protección de nuestra sociedad". Art. 1 de la Ley Núm. 266-2004, 4 LPRA sec. 536.

La Ley Núm. 28-1997 disponía que las personas convictas por los delitos de violación y actos lascivos o impúdicos, entre otros, o su tentativa, cuando la víctima fuese menor de dieciocho (18) años, se mantendrían en el Registro por un período mínimo de diez (10) años. Art. 5 de la Ley Núm. 28-1997, 4 LPRA ant. sec. 535c. A su vez, disponía que el término de inscripción comenzaría a computarse desde que la persona cumpliera su sentencia de reclusión, comenzara a cumplir la sentencia bajo el beneficio de libertad a prueba, o desde que era liberada bajo palabra. *Íd.*

Posteriormente, la Ley Núm. 28-1997, *supra*, fue derogada por la Ley Núm. 266-2004, *supra.* Entre otras, la Ley Núm. 266-2004, *supra*, modificó el momento a partir del cual se debía comenzar a contar el tiempo de inscripción. El nuevo estatuto dispuso que el periodo de inscripción para toda persona convicta debería contarse desde que la persona cumplió el término de su sentencia. Art. 5 de la Ley 244-2004, 4 LPRA ant sec. 536c. Nótese que, a diferencia de la derogada Ley Núm. 28-1997, la Ley Núm. 266-2004 no hizo distinción entre las personas que cumplían su sentencia en una institución

penitenciaria, y aquellas que la extinguen en la libre comunidad. *Pueblo v. Placer Román, supra.*

Precisa señalar que la Ley Núm. 266-2004, *supra,* mantuvo inalterado el término de diez (10) años de inscripción en el Registro, previamente dispuesto por la derogada Ley Núm. 28-1997, *supra.* Sin embargo, posteriormente se aprobó la Ley Núm. 243-2011, con el propósito de atemperar las disposiciones del estatuto con la legislación federal, la cual "establece una revisión completa de los estándares nacionales para el registro y notificación de los ofensores sexuales, designada para fortalecer y aumentar la efectividad del registro para la seguridad del público". *Véase,* Exposición de Motivos de la Ley Núm. 243-2011.

Entre las enmiendas introducidas, se encuentra la creación de tres (3) clasificaciones para los ofensores sexuales, según la naturaleza y gravedad del delito. Bajo las nuevas clasificaciones, el término mínimo para el Ofensor Sexual Tipo I conlleva permanecer en el Registro por quince (15) años, mientras que el Ofensor Sexual Tipo II debe estar inscrito por veinticinco (25) años y, por último, el Ofensor Sexual Tipo III deberá permanecer inscrito, durante toda la vida. Art. 5 de la Ley Núm. 266-2004, 4 LPRA sec. 536c.

Atinente a la controversia ante nos, la clasificación de Ofensor Sexual Tipo III quedó definida de la siguiente manera:

> "**Ofensor Sexual Tipo III**". — Personas que resulten convictas por los siguientes delitos o su **tentativa**:
>
> (i) Violación; seducción; sodomía; **actos lascivos cuando la víctima no ha cumplido los dieciséis (16) años**; incesto; secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores [...].
>
> (ii) Agresión Sexual [...].
>
> (iii) Actos lascivos, cuando la víctima no ha cumplido los trece (13) años de edad; secuestro de menores; secuestro agravado cuando la víctima fuere menor de dieciocho (18) años [...].
>
> (iv) Un Ofensor Sexual Tipo II convicto anteriormente de un delito sexual y que posteriormente comete otro delito sexual.
>
> (v) Cualquier delito antecedente o sucesor de los mencionados en los sub-incisos (i), (ii) y (iii). Art. 2 de la Ley 266-2004, 4 LPRA sec. 536.

(Énfasis suplido)

Por otro lado, la Ley 243-2011 restituyó la diferencia de cuándo comienza a transcurrir el término de registro entre las personas que cumplen su sentencia en una institución correccional y aquellas que cumplen en la libre comunidad. De manera particular, el Art. 5 de la Ley 266-2004, *supra,* fue enmendado a los efectos de disponer que los términos empezarían a contar "desde que el ofensor sea excarcelado" y, en caso de los beneficios de libertad a prueba, libertad bajo palabra o participación de un programa de desvío, tratamiento o rehabilitación, el término comenzaría a contar "desde que se emite la sentencia, resolución o determinación para participar en dichos programas".

En cuanto a la retroactividad de las enmiendas provistas por la Ley 243-2011, la ley taxativamente establece que, a excepción de los incisos (f) y (g) del Artículo 4, "[l]as demás disposiciones podrán tener efecto retroactivo". Recientemente, nuestra Máxima Curia tuvo la oportunidad de examinar la validez constitucional de aplicar retroactivamente las enmiendas introducidas por la Ley Núm. 243-2011 en *Pueblo v. Ferrer Maldonado, supra.* En esta, el Tribunal Supremo reiteró el carácter no punitivo de la ley y estableció que la misma cumple con los parámetros esbozados en *Smith v. Doe,* 538 US 84 (2003). *Íd.* pág. 999. Así las cosas, validó la constitucionalidad de aplicar retroactivamente la Ley Núm. 243-2011. *Íd.* Además, reconoció la importancia que tiene el Registro para la ciudadanía, máxime cuando su objetivo es velar por el bienestar de la sociedad y proteger a sus grupos más vulnerables, entre los cuales se encuentran los menores de edad. *Íd.* Pág. 996-997.

### III.

En el recurso que nos ocupa, el peticionario sostiene que el foro de instancia incidió al no eliminarlo del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Fundamenta su argumento en el hecho de que, al momento de ser sentenciado, el término de inscripción en el Registro para el delito por el cual fue convicto, en su modalidad de tentativa, era de diez (10) años. Particulariza que, previo a transcurrir el periodo de inscripción, la Ley Núm. 243-2011 enmendó la Ley Núm. 266-2004, *supra,* a los efectos de reclasificarlo como un Ofensor Sexual Tipo III, lo cual implica que debe

permanecer inscrito toda su vida. Sin embargo, el señor Díaz Rodríguez arguye que la referida enmienda no aplica de manera retroactiva. Siendo así, sostiene que únicamente debía permanecer inscrito por un término de diez (10) años, de conformidad con el estatuto vigente al momento en el que fue sentenciado.

Según discutido, la Ley Núm. 243-2011 modificó el esquema de clasificación de los ofensores sexuales, dependiendo de la gravedad del delito cometido y, ante ello, aumentó los términos que los convictos debían permanecer inscritos en el Registro. En *Pueblo v. Ferrer Maldonado, supra,* nuestro Alto Foro tuvo la oportunidad de resolver si la aplicación retroactiva de las enmiendas a la Ley Núm. 266-2004, *supra,* constituye una violación a la prohibición constitucional contra las leyes *ex post facto.* Allí, el Tribunal Supremo resolvió que **"todas las disposiciones contenidas en las enmiendas introducidas por la Ley Núm. 243-2011 aplican de forma retroactiva"**. *Íd.*, pág. 99.

Similar a los hechos de este caso, en *Pueblo v. Ferrer Maldonado*, mientras el imputado se encontraba cumpliendo el término de inscripción en el Registro, se aprobó la Ley Núm. 243-2011. En esa instancia, nuestra Máxima Curia determinó que las enmiendas serían aplicadas de manera retroactiva, por lo que, el imputado, ahora clasificado como un Ofensor Sexual Tipo III, debía permanecer inscrito en el Registro de por vida.

Así dispuesto, examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado la existencia de alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones